THE STATE v. THEODORE H. YAGER, Appellant.

Division Two, May 20, 1913.

1. CHANGE OF VENUE: Application: Proper Averments. An application for a change of venue, charging that the inhabitants of the county are prejudiced against the applicant, and that the judge is prejudiced, follows the precise language of the statute, and contains all necessary averments.

2. ——: Prejudice of Inhabitants: No Counter Affidavit. It is not necessary to support with testimony an application for a change of venue charging prejudice on the part of the inhabitants unless the adverse party has filed a counter affidavit controverting the existence of the prejudice. There being no such counter affidavit, no proof is necessary except verification of the application.

3. ——: To Sheriff: In Suit to Remove a Sheriff from Office. The statute governing a change of venue in civil cases (Sec.

1927, R. S. 1909) is applicable to a suit, brought by the prosecuting attorney in the circuit court, to remove a sheriff from office for misconduct in office and neglect of official duty. The statute (Sec. 10209, R. S. 1909) makes such a proceeding a civil action. The sheriff, in such case, is entitled to a change of venue the same as a defendant in other civil cases.

4. ————: ————: ————: **Temporary Ouster.** The statutory provision that, upon ouster of a sheriff being adjudged and an appeal taken, pending such an appeal the defendant shall be suspended from office and a temporary officer appointed by the trial court, does not so far make the proceeding to remove a sheriff from office for misconduct and neglect of duty a special proceeding as to preclude the granting to him of a change of venue, where proper and timely application has been made therefor by him.

5. **SHERIFF: Absent from County: Neglect of Duty.** It is the duty of the sheriff to be and remain in attendance upon the circuit court of his county when the same is in session, unless he is prevented therefrom by other pressing official duties, or by illness, or by some other lawful reason; and the fact that no official duty pertaining to his office was in point of fact neglected during his absence, is not a sufficient excuse; but his absence, unless upon pressing official duty or other lawful excuse, is neglect of official duty. The fact that during his absence his deputies properly performed the duties of his office will not excuse his absence.

6. ————: **Charged with Crime: Evidence: Information.** An information charging the sheriff with assault and battery upon his wife should not be admitted in evidence in his trial for neglect of duty and for absenting himself from the State to avoid arrest, where there was no conviction or plea of guilty under such information.

7. ————: **Dereliction in Office: Removal.** Proof that defendant, as sheriff, at night took a prisoner from jail to another town in the county, permitted him to drink intoxicating liquors, and himself became intoxicated; that he pleaded guilty before a justice of the peace to informations charging him with beating his wife and disturbing the peace of another woman; that on a subsequent date when an information had been filed in the circuit court charging him with assault and battery upon his wife and a warrant for his arrest had, to his knowledge, been placed in the hands of the coroner, he left the county and State to avoid arrest; that during two days of the circuit court he was absent from the State without lawful excuse, and was in fact a refugee from justice, is sufficient to remove him from office, upon proper complaint charging such things.

Appeal from Pike Circuit Court.—*Hon. B. H. Dyer,* Judge.

REVERSED AND REMANDED.

*Frank J. Duvall* and *Hostetter & Haley* for appellant.

(1) The court erred in refusing defendant's application for a change of venue. This is a civil proceeding within the meaning of the change of venue law. R. S. 1909, secs. 1927-31, 10209; State ex rel. v. Riley, 203 Mo. 175. (2) The court erred in admitting in evidence over objections of defendant the docket entries of the justice of the peace court showing defendant's plea of guilty and conviction on the charge of assaulting his wife and disturbance of the peace of Blanche Chilton and also erred in admitting in evidence over defendant's objection the information filed by the prosecuting attorney in the circuit court charging defendant with two assaults on his wife. As to the two pleas of guilty and defendant's conviction based thereon in the justice of the peace court, they may have involved some moral delinquencies and revealed some defects of character but in no manner did they concern his official duties as sheriff. A sheriff is as liable to have trouble with his wife as any other official or as any private citizen, and the fact that he does have trouble with his spouse constitutes no ground for ousting him from office. (3) The court erred in excluding testimony proffered on behalf of defendant that no official business was neglected during his absence, and also erred in refusing defendant's instruction 7, which embodied the same issue. (4) Instruction 1 is too narrow. Under it the jury was in effect told that unless Yager was personally present and in attendance upon the circuit court, then he was violating his official duty. Such is not the law. The sheriff can be in attendance

upon courts of record while in session through his deputies and thus fulfill every requirement of his official duty. R. S. 1909, secs. 11209, 11212. The power of the deputy sheriff to perform the duties of the office is coextensive with that of the sheriff himself. State ex rel. v. Bus, 135 Mo. 325.

*John T. Barker*, Attorney-General, and *Thomas J. Higgs*, Assistant Attorney-General, for the State.

(1) The application asks the change on two grounds, first, because inhabitants of Pike county are prejudiced against the applicant; and, second, "because the judge of this court, the Honorable B. H. Dyer, is prejudiced." Sec. 1927, R. S. 1909, gives the grounds upon which a party by proper application may procure a change of venue. Section 1929 provides how the application shall be made. Section 1931 provides that if the removal is asked upon the ground of objections to the inhabitants of a county, then on that point it becomes necessary for the applicant to show that prejudice exists. In this case the appellant did not attempt to show any prejudice whatever on the part of the inhabitants of Pike county against him. Therefore the court properly overruled the application so far as this point is concerned. (2) The second point is not sufficient to present a question of prejudice on the part of the court against the defendant. It does not allege the court is prejudiced against the defendant, or that the defendant cannot have a fair and impartial trial before the court on this matter. It fails utterly to state a ground that would entitle the defendant to a change of venue. What has been said as to the sufficiency of the second ground applies with equal force to the first ground. The application was wholly insufficient to warrant the court in granting a change of venue. (3) Where a trial court decides a question and assigns reasons for so deciding it, the

reasons assigned by the trial court may be erroneous, but if the judgment itself was proper, then the judgment will be affirmed, notwithstanding the fact that the reasons assigned by the trial court were erroneous. The only question in such case is, ''Was the decision and judgment right?'' If so, it makes no difference as to the reasons of the trial court in rendering such judgment. (4) We also beg to call the court's attention to the requirements of Sec. 1929, R. S. 1909, which provide that applications for changes of venue must be made before the answer is filed, and if not so made, the application must be made as soon as practicable after the defendant acquires such information and knowledge, and in no case later than the first day of the next term of court thereafter. It will be noticed in this case that the answer was filed at the July term of said court, 1912; that this term was adjourned until September, 1912. The application for change of venue was filed at the adjourned July term, which was held in September. For this reason it clearly appears that the application was not made in proper time, nor within the time required by this section, and no proper showing was made for such failure. (5) Error is alleged in that the court admitted in evidence docket entries of the pleas of guilty and conviction of the charges of assaulting appellant's wife and disturbing the peace of one Blanche Chilton, and also the information filed by the prosecuting attorney charging defendant with two assaults upon his wife. A sheriff in this State is a peace officer (Sec. 11210, R. S. 1909), and also as other officers of this State, is required, upon qualifying as such officer, to take the required oath to support the Constitution of the United States, the Constitution of Missouri, and to demean himself faithfully in office. A sheriff is not demeaning himself faithfully when, as such peace officer, he violates the law that his office is created to enforce. When the appellant pleaded guilty to the assaults in question there was an admis-

sion of violation of the law of this State on his part. As an officer a sheriff is in duty bound to obey the laws which he himself is to enforce, and therefore it is our contention that under Sec. 10204, R. S. 1909, the appellant knowingly failed to perform his official duty as to keeping and to the execution and enforcement of the criminal laws of this State.

*T. B. McGinnis* also for the State.

(1) Appellant's only serious objection to the action of the trial court, is found in the trial court's refusal to grant appellant a change of venue. The only law authorizing such proceedings is found in article 2, chapter 90, R. S. 1909. This comprises all the law under which this, or any other action in removing a public official from office, may be had, and must of necessity be a law in its entirety and wholly of itself. Every right that either party in such proceeding has should be found and is found within this article and chapter. Appellant seems to rely in his contention in this matter upon Sec. 10209, R. S. 1909, in which he finds the following language: "All actions and proceedings under this article shall be in the nature of civil action and tried as such." Respondent has no objection to that as being a governing rule of action by the trial court, but appellant undertakes to dig out of that sentence a right which is not accorded under the article and chapter aforesaid, under which these proceedings were had. This law, upon which appellant leans with seeming confidence, is only directory, for trial purposes, solely. If it were mandatory and such actions were to be treated as civil proceedings in their entirety, the Legislature certainly would not have taken upon itself, in section 10210 to have accorded the right of appeal, as he would have had that right under the provisions governing civil actions. Under the section cited the defendant solely is accorded the right of ap-

peal and the plaintiff is given no such right. This one act of the Legislature is sufficient within itself to show that this article and chapter must be treated as a law within itself and as it is not provided that the defendant has the right of change of venue, of necessity he must be denied same. This will be seen by further provisions of this article and chapter. (2) Under section 10209 a vacancy created in such cases must be filled by the general law for filling vacancies in other cases, but where a trial is had and an appeal granted the defendant, then this power of an appointment to fill said vacancy is vested in the trial court. Now, if it were the law that this defendant is entitled to a change of venue and this change of venue is granted, upon conviction of the defendant, it becomes the immediate duty of the trial court to make such appointment and the whole act is that of a court appointing an officer under the same. He would not at that time be holding court in the county where such appointee is presumed under the law to hold his office and would therefore have no authority under the law to make such an appointment. (3) As a further evidence of the intent and purposes and the restrictions of this chapter and article we call the attention of this court to the fact that no appeal bond is required of the defendant. This within itself shows that the citation used by the appellant, found in section 10209, R. S. 1909, is only to be used as directory in the trial proceedings.

FARIS, J.—This is a proceeding brought by the prosecuting attorney of Pike county against the defendant, as sheriff of said county, to remove the defendant from office, pursuant to the provisions of sections 10204 and 10205, Revised Statutes 1909. Upon a trial had before a jury, defendant was found guilty as charged and judgment of ouster from office was duly entered by the circuit court of Pike county. From this judgment defendant appeals.

This case was set down for trial at the July term, 1912, of the circuit court of Pike county, at which time defendant appeared and filed his answer admitting that he was the duly elected, commissioned, qualified and acting sheriff of Pike county, and had been such since the 1st day of January, 1909; answering further he denied all other facts contained in the complaint. The case was not tried at the regular term, but for some reason, not material here, it was passed to an adjourned term of said circuit court, which adjourned term began sometime in the month of September, 1912. The trial of defendant was had on the 9th day of September, 1912. On the 5th day of September, 1912, defendant filed his application for a change of venue in this cause, which application was duly verified and, caption omitted, is as follows:

"Now comes Theodore H. Yager, defendant in the above entitled cause and asks the court to award a change of venue in said cause for the following reasons, to-wit:

"First: Because the inhabitants of Pike county, Missouri, are prejudiced against this applicant, the defendant in this cause.

"Second: Because the judge of this court, the Honorable B. H. Dyer, is prejudiced.

"Defendant says that information and knowledge of the existence of the above mentioned causes for a change of venue first came to him after the adjournment of this court at its July term, 1912, and between the date of the last adjournment of said July term, of this court, and September 9, 1912.

"Defendant further states that he has given reasonable notice to the attorney of record for the plaintiff in this cause and he further states that he cannot have a fair and impartial trial of said cause in this forum on account of the causes herein alleged.

"T. H. YAGER."

This application for a change of venue was over-ruled by the court upon the theory that "this is not a civil proceeding within the meaning of the change of venue law and that defendant is not entitled to a change of venue under the act under which this proceeding is brought." To the action of the court in overruling his application for a change of venue defendant duly saved his exceptions. No point being made as to extraneous matters not appearing in the application itself and in the reasons given for overruling the same, it is unnecessary to refer to them here, further than to say that all other matters entitling defendant to a change of venue appear from the record; and if he was not so entitled, the reasons therefor appear from applying the law to what is above set out.

The complaint on which defendant was prosecuted, after charging his election as sheriff and his qualification as such, which defendant duly admitted by answer, proceeded to charge official derelictions against him as follows:

"Complainant charges that the said Theodore H. Yager, as sheriff of said county, has been guilty of misconduct in office and should be removed therefrom for reasons hereinafter set forth, viz.: That the said Theodore H. Yager, as sheriff of said county, has been guilty of wilful violations of his official duties in said office of sheriff in this, to-wit: That on or about the 3d day of April, 1911, there was confined in the jail of Pike county a prisoner by the name of Jesse Shuck, who had been sentenced by the circuit court of said county of the 27th day of February, 1911, to serve a sentence of sixty days' imprisonment in said jail for carrying concealed weapons, and who on said 27th day of February, 1911, was committed to said jail to serve said sentence; that on or about the 3d day of April, 1911, and before the term of imprisonment of said prisoner had expired, the defendant at night took the said Jesse Shuck out of said jail and drove with him

to the city of Louisiana, Missouri, and then and there in said city did permit the said Jesse Shuck to drink intoxicating liquors, whereby, he, the said Jesse Shuck, became drunk from the effects thereof and was locked up in the jail of said city, at which time the defendant was drunk from the effects of and under the influence of intoxicating liquors, at which time the defendant took with him the keys to said jail, which made it impossible to admit any prisoner that may have been committed to said jail or to look after the wants of prisoners who were then and there confined in said jail and it became necessary for W. P. Burke, the deputy sheriff, to go to the city of Louisiana to get the keys to said jail from the defendant.

"That as sheriff of said county it was the duty of the defendant to preserve the peace of the citizens of said county and to protect its citizens from harm, and that the defendant did in Cuivre township, in Pike county, Missouri, on the 9th day of June, 1911, disturb the peace of one Blanche Chilton and did also on said date in said township, county and State, strike, beat and wound his wife, Lizzie Yager; that on the 10th day of June, 1911, two informations were filed by the prosecuting attorney of said county before E. G. Omohundro, a justice of the peace within and for Cuivre township, in said county and State, one of which said informations charged the defendant with disturbing the peace of the said Blanche Chilton on said date and the other information charged the defendant with striking, beating and wounding his said wife, Lizzie Yager, on said date, and that the defendant on the 12th day of June, 1911, did plead guilty before the said justice of the peace to the said offenses charged in said information, which said acts on the part of the defendant were unlawfully and wilfully done and constituted wilful violations of his official duties as sheriff of said county.

"Complainant further charges that the said Theodore H. Yager, as sheriff of said county, has been guilty of wilful neglect of his official duties in said office of sheriff and has also failed personally to devote his time to the performance of the duties of said office of sheriff, in this, to-wit: that the defendant did in said county and State on the 12th day of June, 1911, strike, beat, and wound his wife, Lizzie Yager; that an information on the 13th day of June, 1911, was filed by the prosecuting attorney of said county in the office of the clerk of the circuit court of said county, charging the defendant with assaulting and beating his said wife on the 12th day of June, 1911, whereupon a warrant for the arrest of the defendant was issued by the clerk of said court and delivered to C. L. Moore, coroner of said county; that the defendant, knowing that a warrant for his arrest on said charge had been issued and with the intention and for the purpose of avoiding arrest under said warrant, did escape on said 13th day of June, 1911, before the said coroner could serve said warrant on him, and he could not be found by said coroner in said county from the time of his said escape until the 16th day of June, 1911, at which said time he was arrested by said coroner under said warrant. That the defendant at the time of his escape and for the purpose of avoiding arrest under said warrant left the county of Pike and the State of Missouri, and went to Quincy, Illinois, and other places to this complainant unknown, in the State of Illinois, where he remained on the 14th and 15th days of June, 1911, a fugitive from justice.

"That the regular June term, 1911, of the circuit court of Pike county, Missouri, was in session on the 14th day of June, 1911, and had been since the 12th day of June, 1911, at which time said court convened, and that the defendant, avoiding arrest under said warrant, remained away and was not in attendance upon said court on said 14th day of June, 1911, to per-

form such official duties as he is required by law to perform when said court is in session, and further to perform such official duties as he may have been required and called upon to perform, relative to serving the process of and enforcing the rules and orders of said court and the enforcement of the criminal laws of the State. Complainant charges and avers that it was the duty of the defendant as sheriff of said county to attend upon said court on said 14th day of June, 1911, during said June term, 1911, and on each and every day of said term of said court, which said acts on the part of the defendant were unlawfully and wilfully done by the defendant and constituted a failure on the part of the defendant, as sheriff of said county, to personally devote his time to the performance of the duties of said office of sheriff and also constituted a wilful neglect of his official duties in said office of sheriff of said county; against the peace and dignity of the State.''

We need not go into the facts further than to say that the testimony adduced on the part of the State tended to prove each and every of the charges contained in the foregoing complaint.

Upon the trial objection was made by defendant to the offering of a certain information which had been filed against defendant by the prosecuting attorney. This information charged defendant in two counts with assault and battery upon Lizzie Yager, wife of defendant. It does not clearly appear what became of the prosecution in which the information complained of was filed, but it does appear that neither a plea of guilty nor a conviction of any criminal offense was had under it.

Defendant complains further of certain instructions given on the part of the plaintiff and of certain instructions refused on the part of defendant, to which reference more at length will be made in the opinion which follows.

I. It is strenuously urged by defendant that the court erred in refusing to grant the application of defendant for a change of venue. It is contended by the State that defendant's application was properly refused because it is not in correct legal and statutory form. As to the first reason urged for such change we may say that this application, as will be seen upon an examination thereof, follows the precise language of the statute, which statute is as follows:

Change of Venue.

"Sec. 1927. A change of venue may be awarded in any civil suit to any court of record, for any of the following causes: First, that the judge is interested or prejudiced, or is related to either party, or has been of counsel in the cause; second, that the opposite party has an undue influence over the mind of the judge; third, that the inhabitants of the county are prejudiced against the applicant; fourth, that the opposite party has an undue influence over the inhabitants of the county; but in no case shall more than one change be granted either party."

It is contended further that as to the second ground, that of bias and prejudice on the part of the inhabitants of the county, testimony should have been offered by defendant. A reference to the section of our statute which provides some of the details of the procedure for a change of venue on the ground of the prejudice of the inhabitants, discloses that no proof is required nor is any other showing but verification necessary, except where the adverse party shall have filed a counter affidavit controverting the allegation of prejudice existing among the inhabitants of the county. No such affidavit was filed in this case; therefore proof was not necessary on the part of defendant. [Sec. 1931, R. S. 1909.] In the briefs filed here by the State, represented by the Attorney-General and the prosecuting attorney of Pike county respectively, some slight contradictions appear; for example, the prose-

cuting attorney contends that in this sort of proceeding no change of venue can be taken, and that upon this ground the action of the court below in refusing to grant the change was proper; while the State as represented by the Attorney-General contends that the application was properly refused because of the lack therein of proper statutory averments.

We have set out in full the application and have set out also in full the statute prescribing the contents of an application for a change of venue, and upon comparing the same we are constrained to hold that upon this latter objection the point made by the State is not well taken.

Turning to the other objection, that this is not such a case as contemplates the granting of a change of venue, we find that the statute which prescribes some at least of the procedure required to be followed in actions under this article to remove derelict officers, provides that "all actions and proceedings under this article shall be in the nature of civil actions, and tried as such." [Sec. 10209, R. S. 1909.] We thus observe that the Legislature itself has seen fit, for reasons no doubt sufficient to the lawmakers, to prescribe specifically the nature of this proceeding, and that they have denominated it in express language a *"civil action."* Turning to the change of venue statute, which we have set out in full above herein, we note that the first clause therein provides: "A change of venue may be awarded in any civil suit to any court of record, for any of the following causes." Even if this were a criminal suit, no reason can be seen, present a proper application, as we concede there was not here, why a change of venue would not be granted, so far as the right to such change is concerned, considered apart from the manner of obtaining the same. But since this is a civil action we need not pursue this inquiry. If the term "civil action" is equivalent to the term "civil

suit," then we see no reason why the defendant was not, upon his application, entitled to a change of venue. A similar question in a special proceeding has been heretofore ably considered by this court in the case of State ex rel. v. Riley, 203 Mo. 175. In that case the question of whether "civil action" is equivalent in meaning to "civil suit" is fully considered, and we need not go into it here.

It is no argument, as urged, to say that a change of venue is not allowable in a proceeding such as this on account of the statutory provision that upon ouster being adjudged, and an appeal taken, pending such appeal the defendant shall be suspended from office and a temporary successor appointed by the trial court. If the Legislature had the authority to provide that the circuit judge of a given county wherein a derelict officer resided could appoint the temporary successor thereto, then we see no reason why it did not also have the authority to enact that the judge of any other circuit in the State had the same authority. But upon this point we do not pass; nor need we pass; but merely raise it *arguendo;* as also the question of whether the provision of section 10210, conferring such power of temporary appointment upon the trial court, does not in itself violate section 11 of article 9 of the Constitution of Missouri. We do hold, however, that this provision of itself alone does not so far make this a special proceeding as to preclude the granting of a change of venue, where proper and timely application is made by defendant. We conclude that the court erred in refusing to grant the change of venue to defendant as prayed for by him.

II. It is strenuously urged that the court erred in refusing to give instruction numbered 7 offered by defendant. This instruction is as follows:

"The court instructs the jury that even though you find from the evidence that defendant was absent

for two days during the June term, 1911, of the circuit court of Pike county, Missouri, yet if you further find that no official duty pertaining to the office of sheriff was in point of fact neglected during such absence, then you cannot find against defendant on account of neglect of official duties."

The court gave for the State upon the trial an instruction presenting the converse of the views set out in the above instruction numbered 7. To this action of the court defendant vehemently objected.

Sheriff: Neglect of Duty.

The two matters may well be considered together; and so considering them, we feel constrained to hold that there was no error in the court's action in refusing to give the instruction requested by defendant as set out above; nor was there error in giving to the jury affirmatively the converse of the idea embodied in instruction numbered 7. The defendant was the sheriff of Pike county. It was his duty under the law to be and remain in attendance upon the circuit court of his county when the same was in session (Sec. 11212, R. S. 1909), unless by other pressing official duties, or by illness, or some other lawful reason he was prevented therefrom. In other words, defendant had no right wilfully, without cause, to absent himself from his county and State, as the record shows that he did, during the two days mentioned in the instruction complained of in this case. If he had the right to so absent himself for two days, without any excuse whatever, and wilfully, as he did, then he had the right to absent himself for two months or two years, and it is no excuse that during his absence his deputies may have performed as well, or better than he, the duties made incumbent upon him by law. Especially upon the facts in this case was this instruction properly refused and the converse thereof properly given. This is so for the reason that the proof shows that the absence of the sheriff from his attendance on the court was due to the fact

that he had fled to a foreign State with the intention and solely for the purpose of avoiding arrest upon a warrant for a criminal offense, to-wit, for assault and battery, which warrant was, as he well knew, in the hands of the coroner of Pike county for service on him. What is here said will dispose of the exceptions taken by defendant to the refusal of the court to permit him to show that during his absence certain deputy sheriffs properly performed the duties of his office. As we have said, it was no excuse for his dereliction that certain deputies appointed by him may have done the work for which he was elected. There are certain elements of personal selection and personal responsibility imputed as dominating the minds of the voters in the election of officers who shall perform the statutory duties in the several counties. To take the view of defendant would be tantamount to saying that the selection of the voters is transferable and delegable on the part and at the unrestricted will of the elected, a thing which the Constitution itself specifically negatives, by providing generally that officers shall devote their time personally to the duties of the several offices to which they have been elected. [Constitution of 1875, art. 2, sec. 18.] We must therefore rule these objections and all of them against defendant.

III. The contention is made that the court erred in permitting the State to offer over the objections and exceptions of defendant a certain information filed by the prosecuting attorney before a justice of the peace, which information charged defendant with the commission of a misdemeanor, to-wit, assault and battery. If the case in which such information was filed had finally resulted in a conviction, or in a plea of guilty, some excuse, as for example, as tending to show that the conviction was regularly had, or that the plea of guilty was based upon formal

Evidence:
Information
in Another
Case.

statutory charges, properly preferred, might be urged for this action; but as we read the record no conviction was had upon the charge contained in the information to which these objections were urged. What became of this charge is not clearly shown from the record, further than that it was not prosecuted to a finality. Upon what theory the offering was made by the State and upon what theory the information was admitted by the court we are unable at this distance to understand. We are of the opinion that the court erred in permitting this information to be offered.

IV. With the contention made by defendant that the proof was not sufficient to support his conviction and to sustain the judgment of removal from office, we do not agree. There was practically no denial of the charges set out in the complaint. The defense was almost an admission of the truth thereof, and the only excuse offered therefor may be gathered from the ingenuous argument of defendant's counsel that ''by reason of partial intoxication he may not have been in a condition himself to personally perform the duties of his office,'' and that he was ''weak'' and not free ''from moral delinquencies and obliquities.'' Unfortunately for this contention, mayhap fortunately for the public, the statutes in question are directed against the holding of office on the part of persons afflicted by the ''weakness, moral delinquencies and obliquities,'' so frankly conceded by counsel for defendant. We must therefore rule this contention against defendant and hold that there was ample testimony upon which to predicate the finding of the jury and the judgment of the court.

It results, however, that for the errors above noted, this case must be reversed and remanded to be proceeded with, if the State shall be so advised, in accordance with the views herein expressed; and it is so ordered.

*Brown, P. J.,* and *Walker, J.,* concur.