Glen SCISM (Plaintiff), Respondent,

v.

I. A. LONG, Fielding P. Childress, Herman Willer, Joseph L. Glynn and Raymond R. Tucker, as Members of the Board of Police Commissioners of the City of St. Louis, Missouri (Defendants), Appellants.

No. 29075.

St. Louis Court of Appeals.

Missouri.

June 14, 1955.

Rehearing Denied July 15, 1955.

As Modified Sept. 13, 1955.

Samuel H. Liberman, City Counselor, Charles J. Dolan, Associate City Counselor, William A. Geary, Jr., Asst. City Counselor, St. Louis, for appellants.

Jerome F. Duggan, Sidney W. Horwitz, Dubinsky & Duggan, St. Louis, for respondent.

**ANDERSON, Presiding Judge.**

This is a proceeding brought under the Administrative Procedure and Review Act, Chapter 536 RSMo 1949, V.A.M.S., to review an order of the Board of Police Commissioners of the City of St. Louis. By said order plaintiff was found guilty of conduct unbecoming a police officer, in violation of Rule 15, Section 2, of the Rules of the Board of Police Commissioners, was re-duced in rank from Sergeant to Turnkey, and suspended from the Police Department for a period of six months from October 10, 1952. The circuit court found that plaintiff, under the evidence, was guilty of conduct unbecoming an officer, but found that the judgment imposed by defendants was oppressive, harsh and severe, and an abuse of discretion. Thereupon the court modified defendants' order, as follows:

"The Court suspends the plaintiff without pay from October 10, 1952, for a period of six months, terminating April 9, 1953; and the Court further directs, orders and decrees that the plaintiff continue and be reinstated and restored to active duty as a Sergeant of the Metropolitan Police Force of the City of St. Louis, Missouri, with pay for said rank of Sergeant from April 10, 1953, and thereafter, pending good conduct and physical and mental ability to fulfill the duties required of him in said position and rank as a Sergeant of the Metropolitan Police Force of the City of St. Louis, Missouri."

From said judgment, defendants have appealed.

As grounds for relief, the petition alleged that defendants' findings and order were contrary to the law, against the evidence and the evidence under the law; that defendants erred in refusing to sustain plaintiff's objection to testimony which was immaterial, incompetent, irrelevant, and not germane to the charge against plaintiff; that the findings and order were not supported by any probative evidence; that the findings and order were void for the reason that defendants failed to comply with Section 536.080 RSMo 1949, V.A.M.S., which provides that all members of the Board shall hear or read the evidence and arguments before reaching a decision; that the findings were in violation of constitutional provisions, unsupported by competent, material and relevant evidence, and made without a fair trial; and that said findings were arbitrary and capricious and constituted an abuse of discertion.

To said petition defendants filed a motion to dismiss for lack of jurisdiction. In said motion it was averred that the court was without jurisdiction for the reason that the Board of Police Commissioners was not an administrative agency within the meaning of Section 536.010 RSMo 1949, V.A.M.S., and for the further reason that the proceeding in question was not a contested case within the meaning of Section 536.010 RSMo 1949, V.A.M.S. The issues raised by said motion were disposed of adversely to defendants' contention by the court's judgment.

Defendants also filed a motion to dismiss for failure to state a claim upon which relief could be granted. This motion was, in effect, overruled by the judgment.

Defendants' answer was a general denial.

 It is urged that the court erred in assuming jurisdiction of this case for the reason that official acts of the Board of Police Commissioners are not reviewable under the Administrative Procedure and Review Act. Chapter 536 RSMo 1949, V. A.M.S. In support of this assignment appellants contend (1) that the Board of Police Commissioners is not an "agency" within the meaning of the Act; and (2) that a disciplinary hearing before said Board is not a "contested case" as that term is defined by the Act.

Section 536.010 of the Administrative Procedure and Review Act provides that:

"(1) 'Agency' means any administrative officer or body existing under the constitution or by law and authorized by law to make rules or to adjudicate contested cases;

\* \* \* \* \* \*

"(3) 'Contested case' means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by statute to be determined after hearing."

The Board of Police Commissioners of the City of St. Louis is created by an Act of the General Assembly, Chapter 84 RSMo 1949, V.A.M.S., hence is a body created by law. State ex rel. Murphy v. Burney, 269 Mo. 602, 191 S.W. 981; King v. Priest, 357 Mo. 68, 206 S.W.2d 547, loc. cit. 552.

By Section 84.150 RSMo 1949, V.A.M.S., said Board is given jurisdiction to hold disciplinary hearings. Said section provides that police officers "shall serve so long as they shall faithfully perform their duties and possess the necessary mental and physical ability, and be subject to removal only for cause after a hearing by the board, who are hereby invested with the exclusive jurisdiction in the premises." Section 84.120 RSMo 1949, V.A.M.S., contains a like provision with respect to the removal of patrolmen and turnkeys employed by the Board.

By Section 84.170 RSMo 1949, V.A.M.S., it is provided that "All lawful rules and regulations of the board shall be obeyed by the police force on pain of dismissal or such lighter punishment, either by suspension, fine, reduction or forfeiture of pay, or otherwise as the boards may adjudge."

It appears from the foregoing statutes that by appointment a police officer acquires a right or title to the office and emoluments which the General Assembly has recognized as a valuable interest or privilege entitled to protection. Said office cannot be taken away from him except by a proceeding had in strict compliance with the statute. It is our opinion that any proceeding under the statute to deprive an officer of said right or privilege is a "contested case" within the meaning of Section 536.010(3) RSMo 1949, V.A.M.S., and since the Board of Police Commissioners, an agency created by law, is authorized to adjudicate such cases, the Administrative Procedure and Review Act was properly invoked in this case.

 The fact that the proceeding was with reference to a matter of internal management of the police department calls for no other ruling. The language of the statute, Section 536.010, is broad enough to cover such proceedings. Nor does the fact that Section 84.150 RSMo 1949, V.A.M.S.,

confers exclusive jurisdiction on the police board to hear disciplinary actions deprive a party to such action of his right of review. The fact that the Act is silent as to appeals warrants the implication that the board should not have power of finality of decision. State ex rel. Lambert v. O'Malley, 234 Mo.App. 773, 121 S.W.2d 228.

 It is next urged that the court erred in modifying the order of the board. We are compelled to sustain this contention. The basis of the court's ruling was that, although there was ample evidence to support the board's finding that plaintiff was guilty of the charge preferred, the punishment assessed was so severe as to constitute an abuse of discretion. There is no suggestion of arbitrary action or abuse of discretion in any other respect. The statutory authority for the punishment inflicted is found in Section 84.170(2) RSMo 1949, V.A.M.S., which provides: "All lawful rules and regulations of the board shall be obeyed by the police force on pain of dismissal or such lighter punishment, either by suspension, fine, reduction or forfeiture of pay, or otherwise as the boards may adjudge." The punishment assessed by the board was within the limits authorized by the statute, hence there was no abuse of discretion. To hold otherwise would be to permit the court to substitute its discretion for the discretion legally vested in the board. This would be contrary to the express provision of Section 536.140 RSMo 1949, V.A.M.S., and would be an invasion of the powers of the executive department by the judiciary, contrary to the doctrine of separation of powers established by our Constitution.

In support of the trial court's ruling that the board abused its discretion respondent urges that the penalty imposed by the board was in excess of its statutory authority. It is insisted that under the statute the board is authorized to inflict only one of the lighter penalties provided by Section 84.-170(2) RSMo 1949, V.A.M.S. It will be noted that said punishment may be "either by suspension, fine, reduction or forfeiture of pay, or otherwise as the boards may adjudge." Under the ejusdem generis rule a clean-up phrase such as the term "otherwise", following an enumeration of specific punishments authorized, must be construed as referring to penalties of like kind. State ex inf. McKittrick v. Wilson, 350 Mo. 486, 166 S.W.2d 499, 143 A.L.R. 1465. The punishment imposed by the board in the case at bar was of like character to that specifically enumerated by the statute, and for that reason not beyond the statutory powers of the board.

In our opinion, the judgment appealed from should be reversed and the cause remanded with directions to the trial court to enter its judgment affirming the order of the Board of Police Commissioners in this case. It is so ordered.

SAM C. BLAIR and WALTER E. BAILEY, Special Judges, concur.