Honorable Walter L. Meyer State Representative Room 410, Capitol Building Jefferson City, Missouri 65101
Dear Representative Meyer:
This letter is in response to your question asking as follows:
 "Are judges of the county courts in second, third, and fourth class counties entitled to the compensation provided for in Senate Bill No. 95, enacted by the Seventy-eighth General Assembly, if they refuse to participate in any, or all, of the regional councils enumerated in Senate Bill No. 95, even though their county is a member or is eligible to be a member of these councils?"
You further indicate that you have reviewed the views we expressed in our Opinion No. 213, dated October 15, 1975, to the Honorable Margaret Miller in which we stated that county court judges are entitled to the extra compensation even though they may not be actively participating in all of the councils and agencies referred to either specifically or in general in the legislation. In that opinion we cited the holding ofState v. Carpenter, 388 S.W.2d 823 (Mo.Banc 1965) for the holding that an officer is entitled to the compensation provided by statute for the performance of duties by such officer even though it is impossible for him to perform such duties.
The court in the Carpenter case also held that the fact that an officer does not perform all or any of the duties of his office does not affect his right to the salary thereto unless a statute provides otherwise.
This latter holding in the Carpenter case cited Coleman v.Kansas City, Mo., 173 S.W.2d 572 (Mo. 1943). In the Coleman case the court held at l.c. 577:
 "This is an action for salary while Murray held the office as Director of Public Works. `In the first place this is not an action in quo warranto, against the officer himself, to forfeit his office for failure to do his duty, and in which he would be entitled to his day in court to defend his character and his record and explain whatever action he has taken, * * *.' State ex rel. McGaughey v. Grayston, 349 Mo. 700, 163 S.W.2d 335, loc. cit. 340. `Unless an office is abandoned or relinquished an officer is entitled to a trial on the charge of failing personally to devote his time to the performance of his duties. Such failure may be excusable. * * * it is a willful refusal to perform the duties of an office which works a forfeiture so that a judgment of ouster is necessary.' State ex inf. McKittrick v. Wilson, Mo.Sup., 166 S.W.2d 499, loc. cit. 501."
Under these holdings, although it is our view that the statute imposes a duty upon the judges of the county court by reason of the use of the mandatory language "shall," the judges are entitled to their salaries regardless of whether or not they refuse to participate in some of the councils.
Very truly yours,
 JOHN C. DANFORTH Attorney General