Lipscomb, J.
Proceedings were commenced in the district court for the county of Harris, by Underwood as surviving partner of Mil-burn & Underwood, against Wynns & Lawrence, attorneys of that court, by a rule upon them to show cause why judgment should not be rendered against them for the amount of a claim placed in their hands as attorneys for collection, by Milburn & Underwood.
The presiding judge having been of counsel for one of the parties, by consent, James W. Henderson, Esq., an attorney of the court was placed on the bench, and judgment was given by him, from which Wynns & Lawrence appealed. Erom the view we have taken on a question arising from the record, it will be altogether useless to in *(34) quire into any of the supposed errors in the judgment. No objection was made in the court below and none has been here made to the substitution of Mr. Henderson in the place of the presiding judge, and we presume that as far as consent can give jurisdiction the counsel on both sides would be willing and ready to have that consent entered of record here. We do not believe consent can give jurisdiction;, it may waive or cure error, but cannot give jurisdiction. Coffin v. Tracy, 3 Cain, 129; 1 Hill, 343.
The judgment and proceedings must be set aside and the cause remanded. The opinion now given will only apply to cases decided under the republic, as there is a provision by law under our state constitution, for substituting a judge by consent in certain cases.