## LOUIS COHN *v.* C. R. BEAL.

DE FACTO AND DE JURE OFFICER.   *Pleading.   Case in judgment.*

There cannot be a *de facto* and a *de jure* officer holding and exercising the functions of the same office at the same time. Hence, where the replication sets up the fact that the official acts were acts of a *de facto* officer, and could not be inquired into collaterally, a rejoinder that at the time the acts were performed there was a *de jure* officer in actual possession of the office, is good on demurrer, and judgment final will be entered for want of further pleading.

APPEAL from the Circuit Court of Lawrence County.

HON. A. G. MAYERS, Judge.

*R. H. Thompson,* for the appellant.

1. It does not do to argue that a woman cannot lawfully hold an office, for the statute was intended to and by its terms applies to persons unlawfully in possession of offices. Its language is, " whether such person be lawfully entitled."

2. Of course, where an officer brings a suit to a recovery in which he is only entitled by reason of being such officer, the question is a different one from that now before the court. *Shelby* v. *Alcorn,* 36 Miss. 273, and *Matthews* v. *Supervisors,* 53 Miss. 716, are suits of the character just named.

3. Section 415, Code 1880, is declaratory of the common law. *Ray* v. *Murdock,* 36 Miss. 692; *Cooper* v. *Moore,* 44 Miss. 386.

4. The common-law rule, which is enunciated in and declared by § 415 of our code, must have embraced official acts of women. Our statute was not designed to limit or restrict the common-law doctrine. American Law Review, Vol. XVII, No. 5.

5. Our code uses the word person in defining nearly every criminal offense known to our laws. It would be startling doctrine to announce that women are not embraced in these criminal statutes. If women are not embraced in § 415 then aliens are not, for under our constitutions neither are electors, nor are persons under twenty-one years. If the judgment below is correct we will ever be vexed with litigation, for there will not arise a case in which the age or residence or sex of an officer cannot be litigated.

There was no counsel for the appellee.

CHALMERS, J., delivered the opinion of the court.

This is mandamus by the holder of school warrants against the county treasurer to compel payment of them.

The pleadings evoked by the suit were unnecessarily prolix and protracted, but finally resulted in developing this defense, to wit: that the warrants sued upon were based upon pay certificates granted by one Mrs. Belle V. Fairman, who, being a woman, was, under the constitution and laws of this State, ineligible to hold any office, but who had, in fact, nevertheless, pretended to be county superintendent of education, and under such assumption had issued pay certificates to the teachers of the public schools. To this plea the relator replied, that the said Mrs. Fairman was in the actual possession of the office of county superintendent, enjoying and exercising all the functions of the office, claiming the right thereto, and recognized and treated as such officer by the State and county authorities and the public generally; and that whether she was eligible or not, or lawfully in office or not, her official acts were valid as a *de facto* officer, and could not be inquired into in a suit upon these warrants. Code of 1880, § 415.

To this replication the defendant rejoined that, " one G. A. Tennison, a male inhabitant of the county, was the lawfully qualified county superintendent of education in and for said county of Lawrence, and in possession of said office for and during the time named in said replication," to which rejoinder relator demurred. The court below overruled this demurrer, and relator not asking to plead further, judgment final was entered against him, from which he appeals. The judgment was correct. Relator's replication setting up that the official acts of a *de facto* officer cannot be inquired into collaterally, was good upon its face, but the rejoinder set up that there was at the time during which the warrants were issued a *de jure* officer in the possession of the office. As there cannot be a *de facto* incumbent of an office which is actually in the possession of a *de jure* officer, and as the demurrer admitted that there was such *de jure* officer in possession, the ruling of the court was manifestly correct.

*Judgment affirmed.*