### W. L. CRAWFORD V. G. W. SAUNDERS & BRO.
#### No. 486.

1. **Jurisdiction—Absence of Justice of Peace—Transfer of Case.**—Under article 1537, Sayles' Statutes, the justice of the peace of a precinct being absent, a suit is properly instituted before the nearest justice of the peace; and when jurisdiction has once been obtained, there is no provision of law authorizing the transfer of the case.

2. **Same—Power of Commissioners Court to Fill Vacancy—Absence.**—The Commissioners Court is clothed with the power to appoint a justice of the peace only where a vacancy exists in the office; absence does not constitute a vacancy.

3. **Same—De Jure and De Facto Officers.**—There being a de jure justice of the peace in a precinct, there could be no de facto justice for the same precinct.

4. **Jurisdiction—Consent of Parties.**—Consent of parties can not give jurisdiction.

APPEAL from Frio.   Tried below before Hon. M. F. LOWE.

*J. T. Bivens* and *B. B. Rose,* for appellant.—If the language in article 1537, "may perform the duties of the office," means office and not functions, then clearly the justice of the peace nearest to the office of the absent justice should exercise such functions in or at the office and within the territory of the absent justice.   In this case, the justice of precinct number 1 assumes to perform such function in his own office and territory.

*Mason Maney,* for appellees.—The nearest justice of the peace in the same county to the one who is absent has authority, under article 1537 of the Revised Statutes, to receive and file a claim for suit against a resident citizen of the precinct of the absent justice, and issue citation thereon commanding the defendant to appear before him at the usual place of holding court in the precinct of the absent justice, or before a legally qualified justice of said precinct of the absent justice, and may proceed to judgment in the precinct of the absent justice.

FLY, ASSOCIATE JUSTICE.—On the 27th day of July, 1893, appellees filed a suit on account against appellant in the Justice Court of precinct number 1, Frio County. Appellant filed a plea of personal privilege to be sued in precinct number 4, where he resided. This plea was answered by an affidavit by appellees, setting up the fact that the justice of the peace of precinct number 4 had left the State on July 7, 1893, and was at that time still absent, and that the justice of the peace of precinct number 1 was the nearest to precinct 4. Appellees, on September 14, 1893, filed a motion that citation be issued requiring appellant to appear before the justice of the peace of precinct number 1 in case the absent justice had not returned, or, if he returned, then before him in Dilley, the place in which the Justice Court was held in precinct number 4. This was in effect an effort to transfer the place of trial from one precinct to another, and, if the contingency arose, from one justice of the peace to another. The next step taken, as shown by the record, was a continuance by agreement of the case in precinct number 4, where it seems the case had safely arrived. The agreement to continue was made with the understanding that appellant, Crawford, did not waive "any legal rights or objections to jurisdiction or any defense whatever the defendant may have." Appellant (defendant) then filed a motion to dismiss the cause, because he had been cited to answer before the justice of the peace of precinct number 1, that his plea to the jurisdiction had been overruled in that court, and subsequently, without the account being filed in precinct 4, the justice of precinct 1 had issued a citation commanding appellant to appear before the justice of precinct 4, and that he had not been informed of the dismissal of the cause in precinct 1. This motion was overruled, and judgment was rendered for appellees for $169.19, and an appeal was perfected to the District Court. The motion to dismiss was renewed in the District Court, the case being tried by the judge, and judgment was rendered for appellees for $71.

The justice of the peace of precinct number 4 being absent from the State, and the justice of the peace of precinct number 1 being the nearest, the suit was properly instituted in the latter court. Sayles' Stats., art. 1537.

When jurisdiction had attached to a case, we are of the opinion that it remained in that court until removed by appeal to some other court. There is no provision of the law permitting or authorizing the transfer of a case to another precinct when jurisdiction has been obtained by virtue of article 1537. Still, if there had been a legal justice of the peace in precinct number 4 at the time of the transfer, the voluntary appearance of the appellant in that court would have cured any lack of jurisdiction over the person. We are of the opinion that the Commissioners Court is clothed with authority to appoint a justice of the peace only where a vacancy exists in the office. It is clear, from the language of article 1537, that a distinction is drawn between a vacancy and an absence, inability, or unwillingness to perform the

duties of the office. This is clear and palpable from the reading of the statute, which is as follows: "During such vacancy (that is the one mentioned in article 1536), or whenever the justice of the peace in any precinct shall be absent, or unable or unwilling to perform the duties of his office, the nearest justice of the peace in the county may perform the duties of the office until such vacancy shall be filled, or such absence, inability, or unwillingness shall cease." The vacancy could be filled by the Commissioners Court; the absence, inability, or unwillingness of the justice of the peace could be ended by him alone. In other words, absence, inability, or unwillingness do not constitute or produce a vacancy, under our statutes. We are of the opinion, therefore, that the Commissioners Court of Frio County had no authority to appoint a justice of the peace in precinct number 4, because only empowered to appoint in case of a vacancy, and the absence of the incumbent did not constitute a vacancy. The record shows, that no vacancy existed in precinct number 4, and that the justice was simply absent, for how long not appearing. There was no vacancy to be filled by the Commissioners Court, and it would seem that it is evident that two different persons can not at the same time be in actual occupation and exercise of an office for which one incumbent only is provided by law. There being a de jure justice of the peace in precinct number 4 of Frio County, there could be no room or place for a justice of the peace de facto. Mech. Pub. Off., sec. 322; Boardman v. Halliday, 10 Paige (N. Y.), 232; Cohn v. Beal, 61 Miss., 398. The statute empowering the Commissioners Court to fill a vacancy in the office of justice of the peace provides that the appointee shall hold the office until the next general election; and suppose the officer who was absent had returned at any time after the appointment and before the election, by what authority could it be said that he had forfeited his office? There is no statute in Texas declaring that the office of justice of the peace shall become vacant by reason of the absence of the incumbent, and we are of the opinion no vacancy existed in the office, and that two officers can not hold the same office at the same time. It may be well to say, in this connection, that there might be such general acquiescence in the acts of the justice of the peace by the public as to render him a de facto officer and not subject to attack in a collateral proceeding, but the record in this case discloses nothing of the kind. On the other hand, it only shows a recent appointment and a trial of this case. It is true that the question of the legality of the appointment of the justice of the peace has not been raised in this case, but the appointment being void, consent of parties can not give jurisdiction. Wynns & Lawrence v. Underwood, 1 Texas, 48; Chambers v. Hodges, 23 Texas, 105; Andrews v. Beck, 23 Texas, 455.

We are of the opinion, that the cause is still properly before the justice of the peace of precinct number 1, and that he should proceed to try it. The judgment of the District Court will be reversed, with instruction that the District Court issue the necessary orders to have

the judgment of the Justice Court set aside, and another trial proceeded with in accordance with this opinion.

*Reversed.*

Delivered December 5, 1894.