HAMILTON v. KING. (No. 441.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 20, 1918.)

1. DISTRICT AND PROSECUTING ATTORNEYS ☞5(2)—DECLARING VACANCY—POWERS OF COMMISSIONERS' COURT.

Under Const. art. 5, § 24, only the district court, and not the commissioners' court, may remove the county attorney from office or declare a vacancy in his office, although under section 21 the commissioners' court may fill a vacancy existing in such office pending next general election.

2. COUNTIES ☞65—OFFICES—VACANCIES.

In the existing absence of any statute or constitutional provision that the involuntary absence from the county of one of its officials engaged as a private soldier in the Army of the United States shall create a vacancy in his office, the commissioners' court has no authority to declare that such absence constitutes a vacancy.

3. COUNTIES ☞65—OFFICES—"VACANCY"— MILITARY SERVICE.

The mere absence of a county officer while involuntarily in the military service of the United States, with no showing as to the probable duration of his absence, does not create a "vacancy" in his office.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vacancy.]

Appeal from District Court, Sabine County; W. T. Davis, Judge.

Suit by T. B. Hamilton against L. E. King. From the decree rendered, complainant appeals. Reversed and remanded, with instructions.

Jas. G. Barker, of Hemphill, and W. D. Gordon, of Beaumont, for appellant.

Minton & Lewis and L. E. King, all of Hemphill, for appellee.

HIGHTOWER, C. J. This is an appeal from an order made in vacation by the district judge of Sabine county denying a temporary injunction prayed for by the appellant. The appellant, T. B. Hamilton, alleged that he was the duly elected and qualified and acting county attorney of Sabine county, having been elected to that office in the general election in November, 1916, and having duly qualified as such officer, as required by law, and thereafter took charge of said office and entered upon the discharge of his duties. The petition further alleged that in August, 1917, appellant duly appointed one James G. Barker of said county his assistant county attorney, and that said Barker duly qualified as such assistant county attorney and entered upon the discharge of the duties of the office, and ever since such appointment he had continued as such assistant county attorney and continued to discharge the duties of the office, and was still discharging such duties at the time of the filing of appellant's petition. It was further alleged that appellant has never at any time tendered his resignation as county attorney of Sabine county, and that he has never been removed from said office by any court or authority of competent jurisdiction, and that he is still the regular and legally authorized county attorney of said county. It was further alleged in the petition that on the 11th day of September, 1918, the commissioners' court of Sabine county, at a regular term thereof, declared the office of county attorney of said county to be vacant, and entered an order to that effect, and that said court on the same day made an order appointing the appellee, L. E. King, county attorney of said county, and that said King tendered to said court his bond as such county attorney, and that said court approved the same, and that appellee was claiming to be the duly authorized and legally constituted county attorney of Sabine county in consequence and in virtue of said orders and actions on the part of said commissioners' court. It was further alleged in the petition that the action and orders of said commissioners' court were unauthorized and void, for the reason, among other things, that said court had no authority under the law of this state to declare the office of county attorney of said county vacant, and had no authority to appoint the appellee county attorney of said county, in the absence of a vacancy in said office; and the petition further alleged that appellant, though temporarily absent from said county, was still discharging the duties of said office by and through his duly appointed and qualified assistant county attorney at the time said commissioners' court declared such vacancy, and was still continuing so to discharge the duties of said office. It was further alleged by appellant that the appellee, King, was threatening to assume the discharge of the duties of the county attorney of said county, and to interfere with appellant in the discharge of the duties thereof, and was also claiming the perquisites and emoluments of said office, and threatening and attempting to interfere with the right of appellant thereto, and that, unless restrained, the said King would interfere with the discharge of the duties of said office by appellant and with the right of appellant to the perquisites and emoluments of said office, etc. The prayer was for a temporary in-

junction restraining appellee from attempting to interfere with or attempt to assume the duties of the office of county attorney of said county, or from in any manner interfering with the rights of appellant to the perquisites and emoluments thereof, and upon final hearing that such injunction be made final, and that appellant have judgment for general relief.

Upon presentation of the petition to the Honorable W. T. Davis, district judge of said county, a temporary restraining order was granted, and the prayer for temporary injunction was set down for hearing in vacation a few days later. In the meantime, appellee filed his answer to the petition of appellant, interposing a general demurrer and also a general denial of all the material allegations in appellant's petition, except such as were in said answer admitted to be true. It was admitted in the answer that appellant was duly elected to the office of county attorney for Sabine county at the general election in November, 1916, and that appellant had duly qualified and entered upon the discharge of the duties of the office and had continued to discharge the duties of said office until the 27th day of March, 1918. Appellee further alleged that on the 27th day of March, 1918, appellant was duly inducted into the Army of the United States of America as a private soldier, and on said date entered the military service of the United States, and that he has been in such service ever since said date, and was still in said service, and that he was engaged in said service in a foreign land, and was being paid by the government of the United States for his services as such soldier, and that the absence of appellant from Sabine county was involuntary, and that appellant could not return to Sabine county, nor could he perform the duties of the office of county attorney at his will and option, and that, by reason of such absence from said county on the part of appellant, the office of county attorney of said county had become vacant, and that the commissioners' court of said county had ascertained such facts and declared said office vacant, and thereupon appointed appellee to such office, and that appellee had duly qualified under such appointment, and was, in consequence of such appointment and qualification, the duly authorized and legally constituted county attorney of said county, and was therefore authorized to perform the duties of said office, and to have the perquisites and emoluments thereof; and the appellee prayed that the injunction sought by appellant be denied, and his petition dismissed.

Upon the date set for the hearing of the application for injunction, no evidence was introduced by either party, and the order of the district judge denying the injunction sought by appellant was based upon the pleadings alone, as they are stated above.

[1] In complaining of the action of the district judge denying the relief prayed for by appellant, it is his contention that the commissioners' court of Sabine county, in declaring the office of county attorney vacant, clearly exceeded its authority, and that its action in doing so and in appointing appellee county attorney for said county was null and void, for the reason that the authority to remove a county official and to declare a vacancy in such office existed only in the district court of said county, and that such authority in said district court is exclusive. There can be no doubt of the correctness of the contention made by appellant that the commissioners' court of a county in this state has no authority or power to remove from office any county official or to declare a vacancy in any such office, but such authority seems to be vested alone in the district court. Constitution of the State of Texas, art. 5, § 24. It is provided by section 21 of the same article of the Constitution, however, that, in case of a vacancy in the office of county attorney, the commissioners' court of such county shall have power to appoint a county attorney until the next general election. See, also, Ehlinger v. Rankin, 9 Tex. Civ. App. 424, 29 S. W. 240. The question here to be determined is, not whether the commissioners' court of Sabine county was authorized to declare a vacancy in the office of county attorney of Sabine county, but the question is: Was there a vacancy in such office to be filled by that court by appointment at the time it undertook to do so by appointing the appellee to such office, and was such vacancy shown by the pleadings in this case?

As stated above, it is alleged by appellant that he was a citizen of Sabine county, and that he was only temporarily absent from the county, and that he had never been in any manner impeached by any competent authority, nor his office declared vacant by any authorized tribunal, and that the duties of the office were still being discharged by him through his legally constituted assistant. On the other hand, the showing made by appellee in his answer was, not that appellant had removed permanently from Sabine county, but simply that he was absent from the county at the time of the action of the commissioners' court in declaring the office vacant and appointing appellee thereto, and that appellant had been so absent from said county since March before such action on the part of the commissioners' court in September following, and that such absence was caused by the fact that appellant had been inducted involuntarily into the Army of the United States. This allegation of the answer showed, of course, that appellant was actually absent from Sabine county at the time of such action on the part of the commissioners' court; but as to how long such absence would continue was not shown, nor was any fact alleged in the answer from which the duration of appellant's absence could be determined, other than the statement that he was in

the military service of the United States involuntarily.

[2] After very careful investigation, we have been unable to find any statute of this state or provision of the Constitution which declares that an absence from the county of one of its officials, who shall be engaged as a private soldier in the Army of the United States, shall create a vacancy in the office of such official; and, in the absence of any such provision, we are of the opinion that the commissioners' court in this instance had no authority to declare the office of county attorney vacant, and to appoint appellee thereto, but that, in the absence of such provision, the authority to determine and declare such question was vested in the district court of Sabine county.

In the case of Crawford v. Saunders, 9 Tex. Civ. App. 225, 29 S. W. 102, the San Antonio Court of Civil Appeals, in a case somewhat similar to this, used this language:

"It is clear, from the language of article 1537, that a distinction is drawn between a vacancy and an absence, inability, or unwillingness to perform the duties of the office. This is clear and palpable from a reading of the statute, which is as follows: 'During such vacancy, * * * or whenever the justice of the peace in any precinct shall be absent, or unable or unwilling to perform the duties of his office, the nearest justice of the peace in the county may perform the duties of the office until such vacancy shall be filled, or such absence, inability, or unwillingness shall cease.' The vacancy could be filled by the commissioners' court; the absence, inability, or unwillingness of the justice of the peace could be ended by him alone. In other words, absence, inability, or unwillingness do not constitute or produce a vacancy, under our statutes. We are of the opinion, therefore, that the commissioners' court of Frio county had no authority to appoint a justice of the peace in precinct number 4, because only empowered to appoint in case of a vacancy, and the absence of the incumbent did not constitute a vacancy."

[3] And so, it must be said here that the mere involuntary absence of appellant from Sabine county, as alleged in the answer of appellee, with no further statement as to the duration or probable duration of that absence, did not, in our opinion, show a vacancy in the office of the county attorney and authorizing the commissioners' court to appoint appellee to that office. We would not be understood as holding that the facts and circumstances touching appellant's absence from said county under such circumstances might not be shown to be such as to authorize the district court of that county to declare the office of county attorney vacant; but such a showing has not been made by the pleadings in this case upon which alone the district judge acted in denying the temporary injunction, and for that reason we are of the opinion that, as the pleadings stood, appellant was entitled to the writ as prayed for, and that the district judge erred in denying same.

The judgment will therefore be reversed, and the cause remanded for further proceedings in conformity with this opinion, and with instructions that in the event appellant shall renew his application to said court or the judge thereof for a temporary injunction, and the same shall be presented and submitted to said court or judge thereof upon the pleadings of the parties as they now stand, then that said court or judge thereof shall grant the temporary writ of injunction prayed for upon appellant's filing a bond in such sum as shall be fixed by said court or judge thereof for such writ.