BOARD OF MISSISSIPPI LEVEE COM.'RS *v.* MONTGOMERY *et al.**

(Division B.   Jan. 17, 1927.)

[110 So. 845.  No. 26152.]

1. TRIAL. *Trial court should direct verdict where there is no conflict in material evidence.*

   Where there is no conflict in material evidence, trial court should direct verdict one way or the other.

2. LEVEES AND FLOOD CONTROL. *Tax collectors, appointed by levee board subsequently held to have been acting without authority, held not entitled to recover commission (Laws 1904, chapter 90, section 1; Hemingway's Code, section 2811).*

   Where two levee boards were attempting to function as a result of dispute as to title of two members, cotton tax collectors, appointed in accordance with Law 1904, chapter 90, section 1, by one of such boards, which was subsequently *held* to have been acting without authority, may not recover commissions, since Code, 1906, section 3473 (Hemingway's Code, section 2811), declaring acts of *de facto* officer valid, is inapplicable.

3. OFFICERS. *Acts of officer having legal right will be recognized in case of two de facto officers acting simultaneously under claim of right.*

   Where two *de facto* incumbents to office are acting simultaneously, each under claim of right, the acts of one who has legal right to the office will be recognized.

*Corpus Juris-Cyc. References: Levees and Flood Control, 36CJ, p. 1023, n. 20 New; Officers, 29Cyc, p. 1389, n. 53 New; Trial, 38Cyc, p. 1566, n. 86.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

Action by Sam Montgomery and another against the board of Mississippi levee commissioners. Judgment for plantiffs, and defendant appeals. Reversed and judgment rendered.

*Walton Shields* and *H. P. Farish,* for appellant,

The peremptory instruction was evidently given on the theory that S. F. Witherspoon was a *de facto* member of the board of Mississippi levee commissioners at the regular July meeting 1924; and the board, organized with him acting as a member of the board in July, 1924, was a *de facto* board.

Waddy West was the *de jure* member of the board of Mississippi levee commissioners at the regular meeting in July, 1924. *Witherspoon* v. *State,* 103 So. 134. S. F. Witherspoon was a *de facto* member of the board of Mississippi levee commissioners until the *de jure* member, Waddy West, qualified, and when and after the *de jure* member qualified and took his seat as a member of the board of Mississippi levee commissioners and performed the duties thereof, S. F. Witherspoon was an usurper.

There cannot be a *defacto* and a *de jure* officer holding and exercising the functions of an office at the same time. *Cohn* v. *Beal,* 61 Miss. 398, 22 R. C. L. 589, section 309; *Powers* v. *Commonwealth of Ky.,* 53 L. R. A. 245; *State of Okla., ex rel. Wells,* v. *Cline,* 35 L. R. A. (N. S.) 527; *Oakland* v. *Donovale,* 126 Pac. 388, 19 Cal. App. 480.

There cannot be two *de facto* incumbents of one office at the same time; and where two are acting simultaneously, each under claim of right, that one alone will be recognized who appears to have the better legal title. *Mc Karney* v. *Horton, Auditor,* 13 L. R. A. (N. S.) 661, 91 Pac. 598; 22 R. C. L. 589-90, section 309.

If there is an officer, or board of officers having a legal title to the office and claiming to be in possession of the office, being present and ready to exercise its functions, no other officer or board of officers can, during the same period by any colorable appointment, or by any acts, acquire a *de facto* character or become a *de facto* body, nor can the acts of that body become binding and valid where the *de jure* body is present and acting at the same time. *Dienstagg* v. *Fagan, Mayor, et al.,* 65 Atl. 1011; *Re L. C. Gunn,* 19 L. R. A. 519; *State ex rel. Harris* v. *Blossom,*

10 Pac. 430; *People* v. *Brantigan,* 142 N. E. 208; *State* v. *Archibald,* 35 N. D. 359, 66 N. W. 234, 27 Ann. Cases, notes 678, 679, 1913 B; *Chandler* v. *Starling,* 121 N. W. 198.

But since this case was tried, this court has decided the case of *State* v. *Baggett,* — So. —, in which it was held that Mr. Baggett, claiming to hold over under color of title, was an usurper because there was a *de jure* officer acting on the board at the time Mr. Baggett was acting and claiming the right to act. Applying the reasoning there to this case, it will be seen that West, the *de jure* officer, was acting and performing the duties at the time Witherspoon was attempting also to perform the duties and that, therefore, Witherspoon was a usurper and his vote was null and void, and it took his vote to elect the appellees.

We say, therefore, that the peremptory instruction asked by appellants should have been granted.

*Ernest Kellner, Jr.,* and *Watson & Jayne,* for appellees.

Appellees' position is that Witherspoon could be deprived of the possession of the office in only two ways, either by voluntarily surrendering it or by the judgment of a court of competent jurisdiction in a direct proceeding against Witherspoon for that purpose.

Appellees also contend that unless it appears that Witherspoon has been thus deprived of the possession of the office, all of his acts, including his vote for the employment of appellees as cotton tax collectors and back cotton tax collectors are binding upon appellant, and his right to act cannot be inquired into in this proceeding. See section 2811, Hemingway's Code, (section 3473, Code of 1906).

The record clearly shows that Witherspoon did not voluntarily surrender the possession of the office. In fact, the record shows that Witherspoon held the office until West did exactly what appellees contend was necessary

to cut off the right of Witherspoon to function as a member of said board; that is, West filed a direct proceeding in *quo warranto* alleging that Witherspoon was unlawfully acting as a member of said board and withholding possession of the office claimed by West. See exhaustive note to *Howard* v. *Burke,* 140 A. S. R. 159; *City of Vicksburg* v. *Lombard,* 51 Miss. 111; *Green* v. *Village of Rienzi,* 87 Miss. 463; *Norton* v. *Shelby,* 118 U. S. 425, 6 Sup. Ct. Rep. 1121, 30 L. Ed. 178; *Auditors of Wayne County* v. *Benoit,* 20 Mich. 176, 4 Am. Rep. 382.

In the case at bar, as in the foregoing case, however much West may have been entitled to the possession of the office, so long as it remained in the possession of Witherspoon, the latter and not the former was the officer. Also, in the case at bar, West stood of record as ousted, admitting that the office was in the possession of Witherspoon, and demanding that he be ousted, but until he was ousted, the acts of West, the relator, could be in no sense official acts.

This court has consistently recognized the foregoing doctrine that until an officer *de facto* is ousted in the mode prescribed by law, no one will be heard to question his rights to act as such officer. *Cooper* v. *Moore,* 44 Miss. 386; *City of Vicksburg* v. *Lombard,* 51 Miss. 111; *Rosetto* v. *City of Bay St. Louis,* 97 Miss. 409; *Town of Sumner* v. *Henderson,* 116 Miss. 64.

In conclusion, appellees contend that on July 14, 1924, Witherspoon was the legal member of the board of Mississippi levee commissioners for the term ending the second Monday in July, 1926, for Washington county; that is, he was in possession of the office under color of authority; that in this suit, to which Witherspoon is not a party, the court can make no inquiry as to the right of Witherspoon as such member for the reason, as later recognized by West, that the right of Witherspoon as such member could be inquired into only in a direct proceeding in *quo warranto* to test such right and until such proceeding was had all of Witherspoon's acts, including his vote

for the employment of appellees as cotton tax collectors of said board were legal and binding upon the public and third persons, including the appellant.

The judgment of the lower court is correct.

Argued orally by *H. P. Farish* and *Walton Shields,* for appellant, and *Ernest Kellner, Jr.,* for appellees.

ANDERSON, J., delivered the opinion of the court.

Appellees brought this action in the circuit court of Washington county under section 1, chapter 90, Laws of 1904, to recover of appellant the sum of nine thousand dollars alleged to be due them by appellant in their capacity as cotton tax collectors, as commissions at the rate of two cents a bale on all cotton on which the tax was collected in the levee district for the two-year term beginning July 14, 1924, and ending July 13, 1926. At the close of the evidence, at the request of appellees, the court directed a verdict in their favor in the sum of eight thousand six hundred sixty-four dollars and sixty-eight cents. From that judgment appellant prosecutes this appeal.

There was no conflict in the material evidence in the case. The question was therefore one for the court, and not the jury. The court should have directed a verdict one way or the other.

The following is deemed a sufficient statement of the case to develop the questions involved: Section 1, chapter 90, Laws of 1904, abolished the office of tax collector of the board of Mississippi levee commissioners. By that act the board was authorized to have the cotton tax collected in its district in such manner as it deemed best, at a cost of not exceeding two cents per bale. Since the adoption of that act the board has employed a cotton tax collector every two years, and paid him a commission of two cents per bale on all cotton on which the cotton tax was paid. At the regular July, 1924, meeting

of the board, there were two levee boards attempting to function. The board is composed of seven members. One board was organized with S. F. Witherspoon and three other members; the other board was organized with Waddy West and three other members. For convenience, these boards will be referred to as the Witherspoon board and the West board, respectively. The title of the various members of the board to their offices was unquestioned, except as to Witherspoon and West. The former had been commissioned as such, and had been an acting member of the board for some years previous to the July, 1924, meeting. West had recently been appointed by the Governor, and commissioned as a member of the board At the July, 1924, meeting both the Witherspoon board and the West board assumed to function separately as the legal board of levee commissioners. At that meeting the Witherspoon board passed an order electing appellees as cotton tax collectors for the levee district for a two-year term, beginning with the date of that meeting. The West board passed an order electing A. E. Graham tax collector for the levee district for the same term, beginning with the date of that meeting. Each of these boards continued to function and carry on the business of the levee board until the circuit court of Washington county rendered a judgment ousting Witherspoon from membership of the board, and adjudging West, instead of Witherspoon, to be the legal member of the board. That cause was brought up to the supreme court, and the judgment of the lower court affirmed.

At the regular October, 1924, meeting of the board, after Witherspoon had been ousted by the judgment of the circuit court of Washington county, the board passed another order again electing A. E. Graham cotton tax collector for the levee district.

Appellees undertake to sustain the judgment of the trial court upon the authority of section 3473, Code of 1906, section 2811, Hemingway's Code, as well as the common law, which declares valid the acts of a *de facto*

officer while in possession of the office, performing the functions thereof. The statute referred to is in the following language:

"The official acts of any person in possession of a public office, and exercising the functions thereof, shall be valid and binding as official acts, in regard to all persons interested or affected thereby, whether such person be lawfully qualified or not; but such person shall be liable to all the penalties imposed by law for usurping or unlawfully holding office, or for' exercising the functions thereof without lawful right, or without being qualified according to law."

In *Cooper* v. *Moore,* 44 Miss. 387, the court held that a like statute then in force was merely declaratory of the common law. Appellant's position is that the principle of law that the acts of a *de facto* officer in possession of an office, performing the functions thereof, are valid, has no application to the facts of this case for the reason that the West board, as well as the Witherspoon board, was actually attempting to function; that one board was just as much in charge of the office and records and papers of the Mississippi levee board commissioners as the other; that therefore this is not a case where a *de facto* officer is in charge of the office, performing its functions, excluding the *de jure* officer, but it is a case where both the *de jure* and the *de facto* officers were in charge of the office, one just as much as the other, each attempting to perform the duties of the office. And it is true that that was the exact state of facts. The West board was just as much in charge of the affairs of the levee district as was the Witherspoon board. Both were in session at a regular meeting, and at the board's place of meeting. As it turned out, the West board was the legal board, and the Witherspoon board, therefore, in acting separately was acting without authority. This court held in *Cohn* v. *Beal,* 61 Miss. 398, that there could not be a *de facto* and also a *de jure* officer holding and exercising the functions of an office at the same time. Neither can there be two

*de facto* incumbents of an office at the same time, and where two are acting simultaneously, each under claim of right, the acts of the one who has the legal right to the office will be recognized.   22 R. C. L., p. 589, section 309. The West board was the legal board.   One board was just as much in charge of the office as the other.   Under those conditions the acts of the *de jure* board were legal.   The court should have granted appellant's request for a directed verdict.

Reversed, and judgment here for appellant.

*Reversed.*