

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. D. Oswalt
County Attorney
Wilbarger County
Vernon, Texas

O-5003

Dear Sir:

Opinion No. O-5003
Re: Sheriff may leave county
without securing permis-
sion of commissioners'
court and related matters

Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

"I am unable to furnish a brief about the
matter I am seeking information on, so the only
thing I know to do is to state the circumstances
and proposition, and hope that I get an opin-
ion on the same.

"I am sure you are aware of the fact that
the United States Government is sponsoring a
school in Washington, D. C., in certain phases
of law enforcement, and extending this privi-
lege to certain peace officers of their own se-
lection.

"In the event a sheriff of some county in
Texas, was selected or extended the privilege
to acquire this training, and such officer de-
sires to acquire this training. This course of
training would necessarily take approximately
30 days to complete.

"Question: Would it be necessary that the
Commissioners Court grant him a leave of absence,
that is the commissioners court of his county?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Do said commissioners court have the authority
to grant such leave? And if not, by what au-
thority would he be entitled to take this leave
upon?

"Would he be entitled to his regular salary
during the time he was receiving such training?"

We quote from 11 Texas Jurisprudence, pages 563-
4-5, as follows:

"Counties, being component parts of the
state, have no power or duties except those which
are clearly set forth and defined in the Consti-
tution and statutes. The statutes have clearly
defined the powers, prescribed the duties, and
imposed the liabilities of the commissioners'
courts, the medium through which the different
counties act, and from these statutes must come
all the authority vested in the counties. . . .

"Commissioners' courts are courts of limit-
ed jurisdiction, in that their authority extends
only to matters pertaining to the general wel-
fare of their respective counties and that said
powers are only those expressly or impliedly
conferred upon them by law, that is, by the
Constitution and statutes of the state."

We have been unable to find any statute requiring
the sheriff to get permission from the commissioners' court
in order to go outside his county or outside of Texas.

In Opinion No. 0-2533 we held that the commission-
ers' court of Lamar County, Texas, had no authority to grant
a leave of absence to the county attorney to enter the U.S.
Army. This opinion also referred to opinion No. 0-3448 of
this department which held that the commissioners' court
could not declare a vacancy in the office of county attorney
as the authority to declare a vacancy would be in the Dis-
trict Court, citing Hamilton v. King, 206 S. W. 953, and
that the county attorney was entitled to his salary during
the term of his office or until a vacancy was established.
We enclose herewith a copy of Opinion No. 0-2533 for your
information.

It is our opinion that, under the facts stated, the commissioners' court has no authority to grant a leave of absence to the sheriff for the purposes stated or any other purposes. However, if the sheriff desires to go he may go on his own volition as he needs no permission from the commissioners' court. As long as he is sheriff he will be entitled to receive his salary. Of course, however, the commissioners' court would not be authorized to expend county funds for the payment of the sheriff's expenses in or going to and from the school in Washington, as same would not be on county business but purely on the sheriff's own private business.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fenning
Assistant

WJF:db

Enclosure

APPROVED DEC 8, 1942

ATTORNEY GENERAL OF TEXAS