

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXWHXXXWHXSWXXXXXX
ATTORNEY GENERAL

Honorable A. L. Brantley
County Attorney
Irion County
Mertzon, Texas

Dear Mr. Brantley:

Opinion No. O-6245
Re: (1) Whether a County Judge can
legally declare a vacancy in the
County Commissioners' office where
the Commissioner has been inducted
into the United States Army, and ap-
point another Commissioner in his
place; (2) If the new Commissioner
has duly qualified, and if it is
determined that the County Judge
acted without authority, is the
County Clerk acting legally by re-
fusing to issue warrant of payment
to said new Commissioner for his
service, although said Clerk is
directed by the Commissioners' Court
to issued such warrant of payment?

We are in receipt of your letter requesting the opin-
ion of this department on the above-stated questions. Your
letter, in part, reads as follows:

"The question has been brought to my attention
the matter as to whether a County Judge can legally
declare a vacancy in the county commissioners office
where the commissioner has been inducted into the
U. S. Army, and appoint another commissioner in his
place.

"Further, if the new commissioner has duly
qualified, and if you find that the County Judge
acted without authority, is the County Clerk acting
legally by refusing to issue warrant of payment to
said new commissioner for his service, though said
Clerk is directed by the Commissioners' Court to
issue such warrant of payment?

"The old commissioner who is now in the ser-
vice refuses to resign his position according to a
letter in the hands of the County Treasurer."

We are also in receipt of your later letter, accompanied by a brief of the matters involved, for which we thank you.

Article V, Section 24, of the Constitution, is as follows:

"County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

Article XVI, Section 14, of the Constitution, is as follows:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

The pertinent statutes are as follows:

"All district and county attorneys, county judges, commissioners, clerks of the district and county courts and single clerks in counties where one clerk discharges the duties of district and county clerk, county treasurer, sheriff, county surveyor, assessor, collector, constable, cattle and hide inspector, justice of the peace and all county officers now or hereafter existing by authority either of the Constitution or laws, may be removed from office by the judge of the district court for incompetency, official misconduct or becoming intoxicated by drinking intoxicating liquor, as a beverage, whether on duty or not; provided such officer shall not be removed for becoming intoxicated when it appears upon the trial of such officer that such intoxication was produced by drinking intoxicating liquors upon the direction and prescription of a duly licensed practicing physician of this State." -- Article 5970, Vernon's Annotated Civil Statutes.

"In case of vacancy in the office of commis-

sioner, the county judge shall appoint some suitable person living in the precinct where such vacancy occurs, to serve as commissioner for such precinct until the next general election." --Article 2341, Vernon's Annotated Civil Statutes.

Hamilton v. King, 206 S.W. 953, is decisive of the controlling point in the matters under consideration. It is there held:

"After very careful investigation, we have been unable to find any statute of this state or provision of the Constitution which declares that an absence from the county of one of its officials, who shall be engaged as a private soldier in the Army of the United States, shall create a vacancy in the office of such official; and, in the absence of any such provision, we are of the opinion that the commissioners' court in this instance had no authority to declare the office of county attorney vacant, and to appoint appellee thereto, but that, in the absence of such provision, the authority to determine and declare such question was vested in the district court of Sabine county."

Neither the Commissioners' Court nor the County Judge has the power -- jurisdiction -- to declare a vacancy in the office of County Commissioner. The County Judge is clothed with the power only to appoint a Commissioner "in case of vacancy in the office", which vacancy, however, must actually exist.

Now, the act of the County Judge, in attempting to appoint a Commissioner where no vacancy in the office existed, is not authorized by any law, and his attempt to do so is therefore utterly void of any effect whatever. It creates no right, and confers no authority or power whatsoever on the attempted appointee, and imposes no duty whatever on any officer of the county concerned with the finances of such county. The situation is precisely the same as though the attempted appointment by the County Judge had never been made.

It is well settled that salary for compensation of an officer is incident to the office, and not dependent upon services actually performed by such officer. It is obviously true that compensation should in no event be paid to two County Commissioners for the same time, for the same precinct.

Not only the policy of the State, but the statutory law itself has been made plain by the recent enactment of the

Legislature, (Acts, 48th Leg. p. 381) susponding Articles 7045 and 2354 of the Revised Civil Statutes (1925) until May 1, 1945, and including the proviso that: "* * * provided, however, that if any member or members of the Commissioners' Court or the County Judge is in active military or naval service, county taxes may be levied at any regular term of the Commissioners' Court when a quorum of its members are present.  This Section shall be effective until the date set out in Section 1 of this bill."

In Cramer v. Sheppard, 167 S.W. (2) 147, our Supreme Court has said:

"To our minds it is illogical to contend that the construction we have given these constitutional provisions would make it impossible for a county commissioners' court to fix tax rates, if a member thereof should be absent for the same reason Judge Dixon was absent because Article 7045 of our Civil Statutes requires all members of such courts to be present when county tax rates are fixed.  Certainly a statute cannot override the Constitution. Where the Constitution permits a member to be absent, a statute cannot require him to be present. It follows that in such instance Article 7045, supra, cannot be applied as to the member absent by constitutional authority."

It would appear, therfore, that even in the absence of the act of suspension of 1943, nevertheless, the County Commissioner's absence being due to superior authority -- induction into the Army of the United States -- the holding of the courts in this respect would be the same as to the absent Commissioner.

Article 1928 of the Revised Civil Statutes of 1925 declares as a condition of the County Judge's official bond, among other things, "that he will not vote or give his consent to pay out county funds except for lawful purposes."

From what we have said it follows that your question No. 1 should be answered in the negative; that is to say, the County Judge had no authority, under the facts stated by you, to appoint a Commissioner, and that such act, together with all incidental acts of himself, the Commissioners' Court, the County Clerk, or any other county officer, is void.  The County Clerk, therefore, was entirely within his authority, and it was his duty to refuse to issue any warrant of payment to the appointee of the County Judge for his service.

Our holding is supported by the following opinions heretofore rendered by this department, to-wit: Nos. 0-2533, 0-3080, 0-3295, 0-4457 and 0-3448.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Ocie Speer
Ocie Speer
Assistant

OS-MR-wc


APPROVED NOV 13, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

This Opinion Considered And Approved In Limited Conference