

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 10, 1967

Hon. Charles F. Herring
Chairman, Jurisprudence Committee
Senate
Austin, Texas

Opinion No. M-54

Re: Validity of Senate Bill
317 of the 60th Legis-
lature authorizing Justices
of the Peace to exchange
benches.

Dear Senator Herring:

You have requested our opinion on the validity of Senate
Bill 317 of the 60th Legislature.  Senate Bill 317 reads as follows:

"A BILL TO BE ENTITLED

AN ACT

"Authorizing justices of the peace of
the same county to hold court for each
other and to exchange benches; amending
Chapter 2, Title 45, Revised Civil Statutes
of Texas, 1925, by adding a new Article
2393a; and declaring an emergency.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1.  Chapter 2, Title 45, Revised
Civil Statutes of Texas, 1925, is amended by
adding a new Article 2393a to read as follows:

"'Article 2393a.  Exchange of Benches.  A
justice may hold court for any other justice whose
precinct is in the same county; and the justices
of a county may exchange benches whenever they
deem it expedient.'

"Sec. 2.  The importance of this legislation
and the crowded condition of the calendars in both
Houses create an emergency and an imperative public
necessity that the Constitutional Rule requiring

- 246 -

bills to be read on three several days in each House be suspended, and this Rule is hereby suspended."

Section 18 of Article V of the Constitution of Texas provides as follows:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. Divisions shall be made by the Commissioners Court provided for by this Constitution. In each such precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two Justices of the Peace. Each county shall in like manner be divided into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner, who shall hold his office for four years and until his successor shall be elected and qualified. The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." (Emphasis added.)

Section 19 of Article V of the Constitution of Texas provides as follows:

"Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars, and in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts; and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations as may be prescribed by law; and appeals to the County Courts shall be allowed in all cases decided

in Justices' Courts where the judgment is for more than twenty dollars exclusive of costs; and in all criminal cases under such regulations as may be prescribed by law. And the justices of the peace shall be ex officio notaries public. <u>And they shall hold their courts at such times and places as may be provided by law.</u>" (Emphasis added.)

In discussing territorial jurisdiction of Justices of the Peace, it was held in <u>Brown v. State</u>, 118 S.W. 139 (Tex. Crim. 1909);

"We are of the opinion that the intention of this statute is, in the case of the absence of the justice of the peace, to authorize and confer jurisdiction on the nearest justice of the peace in the county to perform the duties of such absent justice. The statute, however, does not confer power upon such nearest justice to go outside of his precinct, and to the office of such absent justice, and there perform such duties, but contemplates that the duties shall be performed in the precinct of such nearest justice. Crawford v. Saunders, 9 Tex.Civ.App. 225, 29 S.W. 102. If this is correct, and it follows the authorities in this state from the beginning, and if the justice of one precinct cannot go into the precinct of another justice of the peace and issue process in that precinct returnable before another justice, then the reasoning is infinitely stronger why the neighboring justice cannot go into the domain of an adjoining or other justice precinct where there is a resident authorized and qualified justice of the peace, and institute or hold courts of inquiry, under Code Cr. Proc. art. 941. The visiting justice of the peace would have no such authority under any provision of law in Texas. This construction of our constitutional and legislative provisions seems to have been followed from practically the beginning of our jurisprudence. <u>We are not discussing how far the Legislature may go in fixing the territorial jurisdiction of justices of the peace. We are only discussing the statutes as we find them enacted.</u>" (Emphasis added.)

Hon. Charles F. Herring, page 4 (M-54)


Thus while Brown v. State establishes the principle that under existing law "one Justice of the Peace as such cannot sit in the precinct of another Justice even when the other Justice is absent" (118 S.W. at 141), the Court did not intend to determine the authority of the Legislature to prescribe otherwise. 118 S.W. at 142, supra.

In Stewart v. Smallwood, 102 S.W. 159 (Tex.Civ.App. 1907), the Court made the following observation:

"It is provided by article 1566, Rev. St. 1895, that 'during the period of such vacancy in the office of Justice of Peace, or whenever the Justice of the Peace in any precinct shall be absent, or unable or unwilling to perform the duties of his office, the nearest Justice of the Peace in the county may perform the duties of the office until such vacancy shall be filled, or such absence, inability or unwillingness shall cease.'

" . . . .

"We are of the opinion that the intention of this statute is, in the case of the absence of the justice of the peace, to authorize and confer jurisdiction upon the nearest justice of the peace in the county to perform the duties of such absent justice. The statute does not, however, confer power upon such nearest justice to go outside of his precinct and to the office of such absent justice and there perform such duties, but contemplates that the duties shall be performed in the precinct of such nearest justice. Crawford v. Saunders & Bros., 9 Tex. Civ. App. 225, 29 S. W. 102 . . . ."

It is noted that the Court did not question the validity of the 1895 Act involved in that case.

In Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080 (1933), the Court upheld the validity of an act of the Legislature providing for membership on juvenile boards by district judges. In that case the Court observed:

". . .The Supreme Court of this state has repeatedly held that courts have no right to declare an act of the Legislature void, unless

- 249 -

able to point to some provision of the Constitution which prohibits the act or from which the prohibition necessarily arises. Lytle v. Halff, 75 Tex. 128, 12 S.W. 610; Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650; Smission v. State, 71 Tex. 222, 233, 9 S.W. 112; San Antonio, etc. v. State, 79 Tex. 264, 14 S.W. 1063."

Construing the provisions of Senate Bill 317 of the 60th Legislature in light of the foregoing authorities, it is noted that the bill merely provides for the performance of additional duties by a Justice of the Peace by authorizing a Justice of the Peace to hold Court for another Justice whose precinct is in the same county. We are unable "to point to some provision of the Constitution which prohibits the Act." Therefore you are advised that Senate Bill 317 of the 60th Legislature authorizing exchange of benches by Justices of the Peace is constitutional.

### S U M M A R Y

Senate Bill 317 of the 60th Legislature authorizing exchange of benches by Justices of the Peace is constitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
W. O. Shultz
Mark White
Alan Minter
James McCoy

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.