March 22, 2010

The Honorable Burt R. Solomons
Chair, Committee on State Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0764

Re: Whether the Governor is required to appoint
a judge to the newly created 431st District Court
in Denton County (RQ-0826-GA)

Dear Representative Solomons:

You ask several questions about the Governor's authority to appoint a judge to serve on the newly created 431st District Court (the "district court").[1] The statute creating the district court provides that "[t]he 431st Judicial District is composed of Denton County" and "is created on January 1, 2011." Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 2, 2009 Tex. Gen. Laws 3010, 3010 (to be codified at TEX. GOV'T CODE ANN. § 24.575) [hereinafter Act of May 31, 2009]. When "a new office is created, a vacancy occurs on the effective date of the Act of the legislature creating the office." TEX. ELEC. CODE ANN. § 201.027 (Vernon 2003). Thus, a vacancy in the new district court will exist on January 1, 2011. See Act of May 31, 2009, supra, § 2(b), at 3010. Article V, section 28 of the Texas Constitution provides that "[a] vacancy in the office of . . . Judge of . . . the District Courts shall be filled by the Governor until the next succeeding General Election for state officers,[2] and at that election the voters shall fill the vacancy for the unexpired term." TEX. CONST. art. V, § 28(a) (footnote added); see also TEX. GOV'T CODE ANN. § 24.311 (Vernon 2004) (when a judicial district is created, "the governor shall appoint a qualified person to the office of district judge," who serves until the next succeeding general election); Eades v. Drake, 332 S.W.2d 553, 555 (Tex. 1960) ("As a usual thing when a district court is created there is a vacancy in the office of judge to be filled by gubernatorial appointment.").

You first ask whether there is "any requirement that the Governor appoint[] a judge or is the constitution permissive?" Request Letter at 2. Texas Constitution article V, section 28 uses the mandatory term "shall" in providing for filling vacancies in district courts and specific other judicial

---

[1]Request Letter at 2–3 (available at www.texasattorneygeneral.gov).

[2]The general election for state officers is held "on the first Tuesday after the first Monday in November in even-numbered years." TEX. ELEC. CODE ANN. § 41.002 (Vernon 2003). The next general election following the January 1, 2011 creation of the 431st District Court will be in November 2012. "Succeeding" means "[f]ollowing in immediate succession." See XVII OXFORD ENGLISH DICTIONARY 92 (2d ed. 1989).

offices. TEX. CONST. art. V, § 28. *See State ex rel. Angelini v. Hardberger*, 932 S.W.2d 489, 493 (Tex. 1996) (stating that Article V, section 28 of the Texas Constitution "mandates that '[v]acancies . . . shall be filled by the Governor'" (citation omitted)); *LeCroy v. Hanlon*, 713 S.W.2d 335, 339 (Tex. 1986) (noting that the mandatory term "shall" is used in Texas Constitution, article I, section 13); *Wood v. State ex rel. Lee*, 126 S.W.2d 4, 9 (Tex. 1939) (construing as mandatory the term "shall" in Texas Constitution article VI, section 4, which provides that in elections by the people, "the vote shall be by ballot"). However, we are not aware of any constitutional or statutory method of enforcing this duty. *See* TEX. CONST. art. V, § 3(a) ("The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, *except as against the Governor of the State*.") (emphasis added); *McFall v. State Bd. of Educ.*, 110 S.W. 739, 740 (Tex. 1908) (holding that the supreme court may not issue mandamus against the State Board of Education, because Governor is a member thereof). *See also A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 672 (Tex. 1995) (discussing original jurisdiction of Texas Supreme Court over mandamus proceedings against executive officers). The Texas Court of Criminal Appeals stated as follows:

> [T]he failure on the part of the Governor to appoint a successor to a deceased district judge was a matter left entirely at the discretion of the Governor in that no power existed whereby the Governor could be required to make such appointment, because the Constitution, Art. V, Sec. 3, expressly renders the Governor immune from the operation of the writ of mandamus.

*Pierson v. State*, 177 S.W.2d 975, 978 (Tex. Crim. App. 1944). Accordingly, the Governor cannot be compelled to fill a vacant judicial office.

Your second question asks: "What is the time frame for the Governor to make such an appointment and is there a deadline for such an appointment?" Request Letter at 2. The 431st District Court "is created on January 1, 2011,"[3] and the vacancy will come into existence on that date. *See* TEX. ELEC. CODE ANN. § 201.027 (Vernon 2003). While article V, section 28 provides a time period in which the Governor may fill the vacancy, no constitutional or statutory provision establishes a deadline for the Governor to act. Thus, the Governor has authority to fill the vacancy from the time the office is created until the office is filled by election. *See* TEX. CONST. art. V, § 28(a).

As your third question, you inquire whether the Governor must make an appointment before the office may be placed on a general election ballot. *See* Request Letter at 2. "In other words, if a Governor never makes an appointment, is the District Judge position vacant permanently?" *Id.*

Texas Constitution article V, section 28(a), after providing for the Governor's filling a vacancy in a district court "until the next succeeding General Election for state officers," states that

---

[3]*See* Act of May 31, 2009, *supra*, § 2(b), at 3010.

"at that election the voters *shall* fill the vacancy for the unexpired term." TEX. CONST art. V, § 28(a) (emphasis added). *See LeCroy*, 713 S.W.2d at 339 (noting the mandatory language "shall be open" and "shall have remedy by due course of law" in Texas Constitution, article I, section 13); *Wood*, 126 S.W.2d at 9 (Tex. 1939) (construing as mandatory the term "shall" in Texas Constitution article VI, section 4, which provides that in elections by the people, "the vote shall be by ballot"). The requirement that the "voters shall fill the vacancy for the unexpired term" is not contingent on the Governor's having appointed someone to the office. Thus, even if the Governor does not fill the vacancy by appointment, the voters will have the opportunity to fill the vacancy at the next succeeding general election for state officers. *See* TEX. CONST art. V, § 28(a).

Your fourth question asks: "If a Governor makes an announcement of an appointment which becomes effective at a later date, must the county provide offices and staff in expectation that the Justice will be seated on the first day the court is effective and may [preside] over a docket on that first day[?]" Request Letter at 2–3. We note as a preliminary matter that a vacancy occurs in a newly created office "on the effective date of the Act of the legislature creating the office." TEX. ELEC. CODE ANN. § 201.027 (Vernon 2003). There is no vacancy in the 431st District Court for the Governor to fill until January 1, 2011, although he may announce his planned appointment before that date.[4] *See generally Crawford v. Saunders*, 29 S.W. 102, 103 (Tex. Civ. App.—San Antonio 1894, writ dism'd) (stating that the commissioners court is not authorized to appoint a justice of the peace if there is no vacancy in the office); Tex. Att'y Gen. Op. No. H-134 (1973) at 3 (concluding that there is no vacancy in an office until the statute creating the office becomes effective).

We consider whether the county must provide offices and staff in expectation that the judge will be seated on the first day the court is effective and may preside over a docket on that first day. Denton County is responsible for paying the salaries of various district court personnel and for providing courtroom space to district courts in the county. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 52.051 (Vernon 2005) (providing that the commissioners court budgets the court reporter's salary set by district judge), 74.104 (requiring compensation of court coordinators for district and county courts to be funded through the county budget process); TEX. LOC. GOV'T CODE ANN. §§ 291.001(1) (Vernon 2005) (commissioners court shall provide a courthouse at the county seat), 292.001 (commissioners court may provide a building or rooms, other than the courthouse, for housing county and district offices and courts). Thus, the commissioners court must provide funds and space to support the new district court when it comes into existence. Accordingly, in preparing the county budget applicable on January 1, 2011 and thereafter, the commissioners court must allocate funding for the 431st District Court, in addition to the district courts that already exist in Denton County.[5] *See* Tex. Att'y Gen. Op. No. GA-0578 (2007) at 5–7 (discussing funding of district courts and judiciary's inherent power to order essential funding); *see also* TEX. LOC. GOV'T CODE ANN. ch. 111,

---

[4]*See* Act of May 31, 2009, *supra*, § 2(b), at 3010.

[5]The following statutes establish judicial districts composed of Denton County: TEX. GOV'T CODE ANN. §§ 24.117 (Vernon 2004) (16th district); 24.355 (158th district); 24.390 (211th district); 24.507 (362nd district); 24.512 (367th district); 24.538 (393rd district).

subch. C (Vernon 2008), Tex. Att'y Gen. Op. No. GA-0081 (2003) at 1 (stating that section 111.070, found in chapter 111, subchapter C, applies in Denton County).

As your fifth question, you ask when the Governor's appointee to the 431st District Court will be sworn in as district judge. *See* Request Letter at 3. Texas Constitution article XVI, section 1 prescribes the oath that all elected and appointed officers must take before entering upon the duties of their offices. *See* TEX. CONST. art. XVI, § 1(a)–(b). As we have already observed, there is no vacancy in the 431st District Court for the Governor to fill until January 1, 2011, and January 1, 2011 is the earliest date that the Governor may fill the vacancy by appointment. *See* TEX. ELEC. CODE ANN. § 201.027 (Vernon 2003); Act of May 31, 2009, *supra*, § 2(b), at 3010. Thus, January 1, 2011 is the earliest date at which the appointee might take the oath of office.

The Senate confirmation process may affect the time at which an appointee can be sworn in as district judge. "An appointment of the Governor made during a session of the Senate shall be with the advice and consent of two-thirds of the Senate present." TEX. CONST. art. IV, § 12(b); *see also White v. Sturns*, 651 S.W.2d 372, 375–76 (Tex. App.—Austin 1983, writ ref'd n.r.e.) (holding that persons appointed to fill judicial vacancies pursuant to Texas Constitution article V, section 28, are subject to Senate confirmation under article IV, section 12). Absent Senate confirmation, a person appointed during the session will not be entitled to hold the office. *See Denison v. State*, 61 S.W.2d 1017, 1020–21 (Tex. Civ. App.—Austin), *writ ref'd*, 61 S.W.2d 1022 (Tex. 1933) (per curiam); Tex. Att'y Gen. Op. No. GA-0006 (2002) at 2. Thus, a person appointed to the office of district judge during a legislative session may be sworn in only after Senate confirmation. If the person is appointed during the interim between sessions, he may qualify for office immediately and be sworn in as judge, subject to later confirmation by the Senate. *See* TEX. CONST. art. IV, § 12(c).

Your sixth question is as follows: "If a Judge is appointed for the 431st District Court on January 1, 2011, what would be the last day of [the Judge's] term of office?" Request Letter at 3. A district judge has a four-year term of office. *See* TEX. CONST. art. V, § 7. However, when a person is appointed to fill a vacancy in a district court, he serves in the office only until the unexpired term is filled by election. *See* TEX. CONST. art. V, § 28(a). Government Code section 601.004 provides that "[a] person who receives a certificate of election to an unexpired term of an office is entitled to qualify for and assume the duties of the office immediately and shall take office as soon as possible after the receipt of the certificate of election,"[6] unless there is a recount of the vote pursuant to Election Code section 212.0331. TEX. GOV'T CODE ANN. § 601.004 (Vernon 2004) (footnote added); *see* TEX. ELEC. CODE ANN. § 212.0331(a)–(b) (Vernon 2003) (submission of a recount petition delays issuance of a certificate of election and qualification for office). Thus, the Governor's appointee to the district court would serve until the person elected to the unexpired term of the office qualifies for and assumes the duties of the office.[7]

---

[6]*See* TEX. ELEC. CODE ANN. § 67.016 (Vernon 2003) (providing for certificate of election after election canvass).

[7]*See Spears v. Davis*, 398 S.W.2d 921, 926 (Tex. 1966) (explaining that the "term of office" does not necessarily coincide with an officeholder's "tenure of office").

## S U M M A R Y

Texas Constitution article V, section 28 provides that the Governor shall fill a vacancy in a district court until the next succeeding general election for state officers when "the voters shall fill the vacancy." TEX. CONST. art. V, § 28(a). The Governor may not be compelled by mandamus to fill a vacancy in the office of district court judge. He is authorized to fill the vacancy in a new district court from the time the court is created until the office is filled by election. "[T]he voters shall fill the vacancy for the unexpired term" at the next succeeding general election for state officers, whether or not the Governor has appointed anyone to the court. *Id.*

The Denton County Commissioners Court must provide funding for the 431st Denton County District Court, which comes into existence on January 1, 2011.

January 1, 2011 is the earliest date that the Governor may fill the vacancy by appointment and thus is the earliest date at which the appointee might take the oath of office. A person appointed by the Governor to the vacancy in the district court may take the oath of office immediately, if the appointment is made during the interim between legislative sessions. If the person is appointed during the session, pursuant to Texas Constitution article IV, section 12, he must be confirmed by two-thirds of the Senate present before he may be sworn in as district judge. A person appointed to fill the vacancy in the 431st District Court would serve until the person elected to fill the vacancy qualifies for and assumes the duties of office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee